Wilkin, J.
The record shows that Kate Senter is the wife of F. B. Senter. The common pleas court found that she was only an accommodation maker of the notes; that Sarah J. Hibbard proved the notes against the bankrupts, The Moline Company and F. B. Senter, the principal makers, claiming a preference by virtue of the mortgage and filing a cross-petition for marshaling liens; that the property was appraised, subject to the mortgage and tax lien, as of no value, and that she bought it from the trustee in bankruptcy at one dollar, taking the title subject to the mortgage and tax lien; that she held the property from August 24, 1900, till July 1, 1903, and received income from it of $210, but paid $285 for tax lien and insurance; that she conveyed a perfect title in fee simple to F. B. Senter July 1, 1903, covenanting to warrant and defend it as inde *384 feasible, and entered a discharge of the mortgage on the record, reciting that its conditions were satisfied; that “there was some talk of the delivery up of the notes” at the time of this transfer and cancellation, and the delivery of the notes and the cancellation of the mortgage constituted the other valuable consideration mentioned in the deed; that she was advised by her attorney, at the time of this transaction, that the sale of the property and the cancellation of the mortgage would constitute a merger, and that she intended to merge the legal and equitable estates, and is estopped to deny payment of the notes.
The determinative question which we have to decide is, did the circuit court err in overruling the last two findings of facts, viz.: (1) That the delivery of the notes was a part of the consideration of the sale, and (2) Sarah J. Hibbard intended to merge her equitable estate by the mortgage in the legal estate which she conveyed by the absolute terms of the deed to F. B. Senter.
On the first branch of the question, we find the reasoning of the circuit court in a copy of its opinion which is printed in the brief of counsel for the executor. “The consideration named in the deed being one dollar and other valuable considerations, the money consideration, however, being in fact $775, the court below held as a fact that the ‘other valuable considerations5 were the delivery up of these notes and the cancellation of the mortgage. This is really a contradiction of terms and should not have been so found. No part of the consideration passing to the grantor *385 could consist of her releasing claims that she had against the grantee or anybody else. If she meant, for the $775, to convey this property, and in addition thereto to release these notes, then the releasing of the notes were considerations passing from her to the purchaser [grantee], who certainly would not be embraced in the term ‘other valuable considerations’ received by the grantor.”
We have the same transcript of the testimony and the same exhibits of documents that were submitted to the circuit court. Unfortunately the original deed is not attached to the record, but an abbreviated typewritten copy is substituted for it. The clause in which the dubious words occur is as follows: “I, Sarah J. Hibbard, the grantor, for the consideration of one and other valuable considerations -dollars, received to my full satisfaction from F. B. Senter, the grantee, do give, grant,” etc. It is conceded that this clause does not import the whole truth, and the grotesque form of the language suggests that the instrument was a printed blank form of deed and that the words in question were written in a blank space not appropriate for them; and it is apparent that those words taken in connection with the clause in which they are inserted, will not bear syntactic nor logical analysis. The learned circuit court, however, seems to have resolved the question of the meaning of the parties to the instrument by just that sort of dialectic discourse.
There is force in the learned judge’s logic, if the inquiry were confined to the writing. But the writing being equivocal, or, as the foregoing *386 extract shows, absurd, we must inquire what was in the mind of the parties that moved them to insert in a perfect, formal clause of this deed an incongruous phrase. The province of legal interpretation is to discover, in this instance, the thought of two minds which suggested the use of this language. The mere accident that a purpose in which the minds coincided was set forth in the inducement instead of the granting clause or elsewhere, does not disprove that there was not an agreement of minds about something else than the sale of land.
The fact found by the common pleas court, about which there is now no dispute, and of which there is incontestible evidence in the record, is that “There was some talk of the cancellation of the mortgage and the delivery up. of the notes.” True, this refers to a consideration moving from the grantor to the grantee. True, also, the document before us is unilateral, and its normal form was composed to define only the consideration moving to the grantor from the grantee; but the grantor inserted “other valuable considerations,” and the finding last mentioned reveals to us the only “other considerations” that were in the minds of the parties.
If Sarah, the grantor, did not promise those “other considerations” she should not have put this useless language in her deed. The deed not having been reformed, the courts are compelled to interpret it as it stands. She did keep her promise as to one of those considerations; the conclusion is inevitable that she agreed to the *387 other, and the evidence in the record is all that way.
This conclusion determines this case, by the very terms of the circuit court’s mandate for new trial, in the part which we have quoted at the close of our statement of the case — “unless the facts shall show that a part of the contract between Sarah J. Hibbard and F. B. Senter was that the money paid by him to her was paid and accepted as payment for the land deeded and the notes which she still held, then the plaintiff will recover against Kate Senter,” etc.
However, we will briefly pursue the second branch of the inquiry. Did the circuit court rightly overrule the common pleas court’s finding that Sarah intended to merge the legal and equitable estates? We would answer “yes,” if the common pleas had found that the merger took place at the time stated by the circuit court, viz., when she took the deed from the trustee in bankruptcy (subject to her mortgage). But the common pleas found that the merger took place when she made the deed to F. B. Senter and discharged the mortgage. That is an irrefragible proposition, and if the circuit court meant to overturn it, the latter court was in error. (The authorities are cited by counsel, supra.)
The documents in the case as well as the testimony of the witnesses show with unvarying certitude that Kate Senter was surety only for the debt, as the trial court found, and that Sarah Hibbard, who was Senter’s sister, knew that fact from the very inception of the debt of which the three notes *388 in suit were renewals. The mortgage security belonged as much to Kate for her protection ’as to Sarah, and when Sarah released that security she also released Kate.
That the defendant in error is estopped from enforcing these notes against Kate Senter follows, as the judgment of the law, from what we have said.
Judgment of the circuit court reversed and that of the common pleas affirmed, and judgment here against the defendant in error for costs.

Judgment accordingly.

Shauck, C. J., Johnson, Donahue, Wanamakek and Newman, JJ., concur.